**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ABRHAM MEKONEN ARGAWI,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1602-KC** |
| | § | |
| **TODD BLANCHE et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>SHOW CAUSE ORDER</u>

On this day, the Court considered Abrham Mekonen Argawi's Petition for a Writ of Habeas Corpus, ECF No. 1.  Argawi is detained at ERO El Paso Camp East Montana.  *Id.* ¶ 2. He argues that his continued detention is unlawful and asks for his release or a bond hearing.  *Id.* ¶¶ 80–118.

Argawi, a citizen of Ethiopia, entered the United States on October 30, 2024, at which time he was processed and subsequently released.  *Id.* ¶ 3.  On November 3, 2025, immigration authorities detained him again.  *Id.* ¶ 5.  An immigration judge then denied his asylum claim, which is now on appeal before the Board of Immigration Appeals.  *Id.* ¶¶ 6–7.  As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Argawi's case warrant a different outcome.

Argawi concurrently filed a Motion for Temporary Restraining Order, ECF No. 2, for a prompt bond hearing or, in the alternative, his immediate release.  Even crediting Argawi's likelihood of success on the merits of his Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond.  *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

Accordingly, the Court **ORDERS** that Respondents shall **SHOW CAUSE** by **<u>no later than June 22, 2026</u>**, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that the Motion, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

If any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 12th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE